Dear Ms. Carlton:
The Winn Parish Police Jury has asked for an Attorney General's opinion regarding these questions:
 1. Who has the authority to determine what are reasonable expenses incurred by the district attorney? and
 2. Does the district attorney have to provide itemized invoices for bills to be paid by the policy jury through the Criminal Court Fund?
Applicable statutes and this State's jurisprudence, particularlyReed v. Washington Parish Police Jury, 518 So.2d 1044 (La. 1988), indicate that only district judges have the initial authority to decide which District Attorney expenses are reasonable and allowed by law. Itemization submitted to district judges must be sufficient to satisfy them.
Funding of district attorneys' offices has been an obligation of local governments for many decades. LSA-R.S. 16.6 states:
 "The district attorneys of this state, the parish of Orleans excepted, shall be entitled to an expense allowance for salaries of stenographers, clerks and secretaries, and salaries or charges for special officers, investigators and other employees and an expense allowance for stationery forms, telephone, transportation, travel, postage, hotel and other expenses incurred in the discharge of their official duties."
 "The police juries of the various parishes of the state of Louisiana are hereby authorized to pay from their general fund any of the items of expense, as provided for herein, incurred by the several district attorneys of this state when acting in their official capacities."
LSA-R.S. 15:304 provides, in part pertinent to Winn Parish:
 "All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement and prosecution of persons accused or convicted of crimes, their removal to prison, the pay of witnesses specifically provided for by law, jurors and all prosecutorial expenses whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court "
In addition, funding for district attorneys can be obtained by and through the Criminal Court Fund, LSA-R.S. 15:571.11
A(1)(a), as follows:
 "All fines and forfeitures, except for forfeitures of criminal bail bonds posted by a commercial security imposed by district courts and district attorneys, conviction fees in criminal cases, and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in Ch.C. Articles 419 and 421 and R.S. 16:6, in defraying the expenses of those courts in recording and transcribing of testimony, statements, charges and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish law library, and for other expenses related to the judges of the criminal courts and the office of the district attorney "
District attorneys' offices vary in size and budget from parish to parish. Also varied are the procedures and policies of the various district attorneys in obtaining statutory funding.
In Winn parish, the district attorney periodically (although not on a scheduled, regular basis) submits a sufficiently itemized list of expenses to the district judge to obtain, as specified in the statutes, an approval order, which, when signed by the district judge, is given to the police jury for payment. Monies for payment are initially taken from the Criminal Court Fund; when and if this fund is exhausted, payments are made from the general fund.
In Reed v. Washington Parish Police Jury, which dealt with a budget request of the district attorney being reduced by the Washington Parish Police Jury, the Louisiana Supreme Court discussed district attorney funding with particular reference to R.S. 16.6 and R.S. 571A(1)(a). The Court held that police juries have a mandatory, not discretionary, duty under R.S. 16.6 to fund district attorneys' offices and that police juries are not free to arbitrarily decide which expenses are to be budgeted and paid and which were not.
The Court recognized the Criminal Defense Fund as a secondary source of funding for district attorneys, noting that district attorneys "cannot get any funds without Court approval." Once Court approval is secured, police juries cannot then question any amount.
We are unaware of any Louisiana Supreme Court ruling or legislative act contrary to the Reed v. Washington Parish PoliceJury holdings.
There is no statutory or constitutional authority for police juries or anyone else to challenge the reasonableness of requests of funds by the district attorney at the time court — approved requests are made. Nonetheless, in Reed v. Washington Parish
Police Jury, the Court said that a police jury's duty to fund district attorney expenses is limited by the standard of reasonableness and that "the budget request of district attorneys must be legitimate in that it is related to the function of his office. Also it must be quantitatively reasonable."
District attorneys do not have unbridled authority in requesting payments for office expenses. Expenses are subject to audit. Also, LSA-R.S. 59:1301 et seq. requires all governmental bodies, including district attorneys, to follow certain procedures in the preparation and submission of budget requests. The statute provides for public input and accountability as a safeguard to abuse.
We hope this response is sufficient. If this office can be of help in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ H. CHARLES GAUDIN Assistant Attorney General
RPI:HCG:bgc